IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. BARBER, ANTHONY R. )
2. CAPIO, FRED R. )
3. FEENEY, BRYAN A. )
4. FINCH, NORMAN R. )
5. GLISSON, DONALD S. )
6. HODGE, JAMES Q. )
7. JUDY, RICHARD T. )
8. LAWS, MARK W. )
9. SCHMIDT, DANIEL F. )
10. SCOTT, RICHARD A. )
11. SMITH, LAWRENCE R. )
12. WESOLOWSKI, CHRISTOPHER P. )

Plaintiffs, )

v. )

THE UNITED STATES, )

Defendant. )

**FIRST AMENDED COMPLAINT**

1. The plaintiffs are employees or former employees of the defendant United States Government employed as firearms instructors and in related instructor positions at the Federal Law Enforcement Training Center in Glynco, Georgia. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a

declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 2201, 2202 and 1491, 5 U.S.C. Section 5596, and Title 5 of the U.S. Code, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

## PARTIES

3. Plaintiff Anthony Barber, a resident of Hortense, Georgia is employed as an instructor at the GS-12 pay grade by the United States at the Federal Law Enforcement Training Center in Glynco, Georgia and has been so employed at all times material herein.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed as fire arms instructors and in related instructor positions at the Federal Law Enforcement Training Center in Glynco, Georgia and they have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint at Appendix A. These written consent forms set forth each plaintiff's name, home address, the grade levels in which each plaintiff has been employed during the past three years and each plaintiff's address.

5. Each of the plaintiffs in this action is an "employee" within the meaning of the

Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. Pursuant to this statutory provision, and at all times material herein, the plaintiffs and other employees similarly situated have been entitled to overtime pay for all hours at which they have been employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers, shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a work week. Pursuant to this regulation, and at all times material herein, the plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all times material herein, and since June 19, 2005, as well as before, the

plaintiffs have worked as instructors at the GS-13 and below pay grade. While working in these positions, each of the plaintiffs has worked hours in excess of forty (40) hours per week and/or 8 hours a day.

9. During the time plaintiffs worked in excess of forty (40) hours per week and/or eight (8) hours a day, defendant United States has failed and refused to provide plaintiffs with the rights and protections provided under the (FLSA), including overtime at a rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth in 29 U.S.C. §207 and 5 CFR § 551.501.

10. By failing and refusing to pay the plaintiffs and other employees similarly situated the overtime pay required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA and Title 5 of the U.S. Code. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

11. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs various amounts that have not yet been precisely determined. The employment and work records for each are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various

statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

12. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

13. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

14. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award each plaintiff monetary liquidated damages equal to their unpaid compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: July 21, 2008

/s/Molly A. Elkin
Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

# CERTIFICATE OF SERVICE

This is to certify that the foregoing Plaintiffs' First Amended Complaint was served on the following counsel of record this 21st day of July, 2008, with the Clerk of the Court using the CM/ECF System which will send notification of such filing to defendant's attorneys:

Kent C. Kiffner
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 12142
Washington, D.C. 20530

s/Molly A. Elkin
Molly A. Elkin